## HALPRIN v. SARNER.

### (Supreme Court, Appellate Term.   June 25, 1909.)

TRIAL (§ 162*)—DISMISSAL—TIME.

Where the complaint stated a cause of action, it was error, after plaintiff had testified for himself, to refuse to permit his other witness in court to testify, and at the same time to dismiss the case because of plaintiff's failure to prove any cause of action.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 370; Dec. Dig. § 162.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Halprin against Max Sarner. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Charles L. Hoffman, for appellant.

Harry J. Sondheim, for respondent.

SEABURY, J. The plaintiff brings this action to recover for the value of certain newspapers and other publications furnished to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant. The complaint, while open to the charge of indefiniteness, nevertheless stated a cause of action. No motion was made to dismiss the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action. The plaintiff, who was the only witness which the court permitted to be called, testified that the defendant told him to deliver newspapers and other publications to him, and that sometimes the defendant called at the plaintiff's stand and received the publications, and that other times the plaintiff delivered the publications at the defendant's store. Much of the plaintiff's testimony as to delivery seems to have been testimony to conclusions, rather than to facts. This testimony, however, was received without objection, and, being so received, it established a prima facie case on behalf of the plaintiff. The following extract from the record shows what took place at the close of the plaintiff's testimony and before the plaintiff had closed his case:

"The Court: I will entertain the motion to dismiss the complaint.

"Defendant's Counsel: I now move to dismiss the complaint on the ground that the plaintiff has not proved a cause of action in contract, or any cause of action whatever. (Motion denied. Exception.)

"Plaintiff's Counsel: I have three other witnesses in court, your honor, which I ask leave to examine.

"The Court: I refuse to allow the examination of any other witnesses and will dismiss the complaint.

"Defendant's Counsel: And I move to dismiss the complaint on the ground that the plaintiff has failed to prove any cause of action and has not proved a cause of action in contract. (Case dismissed. Plaintiff excepts.)"

It would seem to be self-evident that the court committed serious error in refusing to allow the plaintiff to call witnesses to prove his case, and at the same time dismissing the complaint upon the ground that the plaintiff had failed in this respect. "The law hears before it decides" is a requirement of justice and common sense. The due administration of justice demands that one coming to the court for relief should not be prevented from presenting his proof and then have his complaint dismissed upon the ground that he failed to offer proof sufficient to constitute a cause of action.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.